IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Isela Ostio Samano, and Perla Janet Osito Samano, <br><br> Plaintiffs; <br> v. <br><br> Loews Atlanta Operating Company, LLC, and N.S.G. Janitorial, Inc., <br><br> Defendants. | Case No. __ <br><br> **Complaint for Damages and Jury Trial Demand under the Fair Labor Standards Act** |

Plaintiffs allege for their 1st Complaint that:

## Case Overview

1. This lawsuit seeks unpaid overtime wages for work the Plaintiffs performed at Loews Hotel in Atlanta, Georgia. Defendants NSG Janitorial Inc. and Loews Atlanta Operating Company LLC (collectively, "Defendants") jointly employed Plaintiffs to perform work at the hotel. Plaintiffs often worked more than 40 hours per week for the Defendants at the hotel, but the defendants did not pay Plaintiffs overtime wages.

## Parties

2. Plaintiff Isela Ostio Samano is a resident of the State of Georgia.

3. Plaintiff Perla Janet Osito Samano is a resident of the State of Georgia.

4. Loews Atlanta Operating Company, LLC ("Loews Atlanta") is a Delaware limited liability corporation with its principal place of business at 1065 Peachtree St NW, Atlanta, Georgia. Loews Atlanta can be served through its registered agent Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, 30092.

5. N.S.G. Janitorial, Inc. ("NSG") is a Florida corporation with its principal place of business at 8865 Commodity Circle, Unit 11, Suite 102, Orlando, Florida. NSG can be served through its registered agent, Daniel R. Benitez, 8865 Commodity Circle, Unit 11, Suite 102, Orlando, Florida 32819.

## Jurisdiction, Venue, Divisional Venue

6. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has personal jurisdiction over NSG.

8. This Court has personal jurisdiction over Loews Atlanta.

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391. Defendants are found in this judicial district, do business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

10. Under Local Rule 3.1B(1)(a), divisional venue lies in the Atlanta Division because both Defendants reside in the Atlanta Division.

## Facts

**a.  The Hotel and its Staffing**

11. Loews Atlanta and NSG employed Plaintiffs to work performing various tasks at the Loews Hotel (hereinafter "the Hotel"), 1065 Peachtree St NW, Atlanta, Georgia.

12. Loews Atlanta is the entity that runs the Hotel in Midtown Atlanta.

13. The Hotel has over 400 guest rooms, a restaurant and bar, and catering and conference facilities, among other amenities.

14. The relevant period in this case is from three years before the date on which this complaint was filed until the Plaintiffs stopped working for Defendants in approximately October 2017.

15. NSG operates as a staffing company, proving labor for businesses such as hotels.

16.     NSG provides labor for the Hotel in this case, hiring workers to wash dishes and bus tables from the restaurant and conference facilities, and to clean the common areas of the hotel.

17.     NSG and Loews hired both Plaintiffs to work at the Hotel performing various tasks, such as washing dishes and bussing tables from the Hotel restaurant and conference facilities. NSG and Loews also hired Plaintiff Isela Ostio Samano to clean the common areas of the hotel.

**b.     The Defendants' Combined Operation of the Hotel in Interstate Commerce**

18.     At all times during the relevant period, NSG and Loews were an enterprise, as that term is defined in 29 U.S.C. § 203(r), with multiple employees (including Plaintiffs) who were engaged in interstate commerce—for example, by hosting Hotel guests who were traveling in interstate commerce.

19.     During the relevant period, Defendants were an enterprise with annual gross volume of sales made or business done of not less than $500,000 for each year in the relevant period.

20.     NSG, by itself, had annual gross volume of sales made or business done of not less than $500,000 and was engaged in interstate commerce for each year in the relevant period.

21.     Loews Atlanta, by itself, had annual gross volume of sales made or business done of not less than $500,000 and was engaged in interstate commerce for each year in the relevant period.

### c.     Plaintiffs' Work over 40 Hours per Week

22.     Defendants employed Plaintiffs to preform various tasks in the Hotel. All work that Plaintiffs preformed for Defendants was done at the Hotel.

23.     The Defendants employed Isela Ostio Samano to work at the Hotel beginning before the begging of the relevant period and continuing until approximately October 2017.

24.     The Defendants employed Perla Janet Osito Samano to work at the Hotel beginning in approximately June 2016 and continuing until approximately October 2017.

25.     The Defendants attempted to avoid paying overtime wages by listing the Plaintiffs under different names in their payroll records. For example, Defendants listed Plaintiff Isela Ostio Samano in their payroll records under two names: Isela Samano and Isela Ostio. By dividing the Plaintiffs' work hours between two different names, Defendants avoided paying Plaintiffs for much of their overtime because the payroll records would show the work of one person as if it were done by two separate people. It was not.

26.     Plaintiffs were non-exempt employees of Defendants at the Hotel at all times during the relevant period. (At times during the relevant period, Plaintiff Isela Ostio Samano had a job title that included the word "supervisor." Despite the title, Plaintiff Isela Ostio Samano's job duties were not, in reality, that of an exempt manager.)

27.     Plaintiffs were hourly-paid employees of Defendants at all times during the relevant period.

28.     During the relevant period, both Plaintiffs often worked in excess of 40 hours per week, but Defendants did not pay Plaintiffs overtime wages for work in excess of 40 hour per week.

**d.     Joint Employer Liability**

29.     At all times during the relevant period, Plaintiffs were "employees" of Defendants and covered under the FLSA, 29 U.S.C. §§ 201, et seq.

30.     At all times during the relevant period, NSG and Loews Atlanta were the "employer" of Plaintiffs, as that term is used in 29 U.S.C. § 203(d).

31.     At all times during the relevant period, Defendants were a "joint employer" of Plaintiffs under the FLSA as that term is defined in 29 CFR 500.20(h)(5).

32. NSG provided the Plaintiffs' labor to Loews Atlanta, and the Plaintiffs were economically dependent on both NSG and Loews Atlanta. The Plaintiffs, as a matter of economic reality, were economically dependent on both Defendants—NSG as a staffing agency and Loews Atlanta who engaged NSG to provide workers.

33. Among the factors that show NSG and Loews Atlanta were joint employers are the following:

    a. Both NSG and Loews controlled Plaintiff's work.

    b. Both NSG and Loews exercised a degree of supervision, direct or indirect, of Plaintiffs' work.

    c. Both NSG and Loews exercised the power to determine pay rates, work hours, and the employment conditions of Plaintiffs.

    d. Upon information and belief, the records of work hours were maintained at least in part by Loews Atlanta. The data was then transferred to NSG who prepared the payroll and paid Plaintiffs.

    e. All work occurred at the Hotel, which is owned and controlled by Loews Atlanta (or a related Loews entity), and is not owned by NSG.

## COUNT I

## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

34. Plaintiffs repeat and re-allege each paragraph above as though it were fully set forth at length herein.

35. At all relevant times, Defendants were an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a), and Defendants employed Plaintiffs within the meaning of the FLSA.

36. At all relevant times, Defendants had a uniform policy and practice of willfully refusing to pay Plaintiffs appropriate overtime compensation for all hours worked in excess of forty hours per work week.

37. As a result of Defendants' willful failure to compensate Plaintiffs the applicable wage for all hours worked at a rate not less than one and one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants violated the FLSA.

38. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to Plaintiffs' claims.

39. Defendants' violation of the FLSA was in bad faith and Defendants did not have reasonable grounds for believing that their act or omission was not

a violation of the Fair Labor Standards Act. Therefore, an award of liquidated damages is appropriate.

40. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand a trial by jury and request that this Court grant the following relief against Defendants:

A. An award of unpaid compensation for overtime to Plaintiffs;

B. An award of liquidated damages to Plaintiffs;

C. An award of prejudgment and post-judgment interest to Plaintiffs;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

E. Such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all the issues so triable.

Dated: February 2, 2018.

|  | By:<br><br> /s/ Patrick J. Hannon<br>Patrick J. Hannon<br>Law Office of Patrick J Hannon, PC<br>1100 Peachtree St. NE, Suite 200<br>Atlanta, Georgia 30309<br>phannon@hannonlawpc.com<br>(404) 720-2879<br>Facsimile: (404) 393-9971 |
|---|---|