# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Isela Ostio Samano, and
Perla Janet Ostio Samano,

Plaintiffs;

v.                                          Case No. Case No. 1:18-cv-00519-MHC

N.S.G. Janitorial, Inc.,

Defendant.

_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between Plaintiffs, Isela Ostio Samano, and Perla Janet Ostio Samano, ("Plaintiffs") and Defendant, N.S.G. Janitorial Inc. ("NSG"). Previous Defendant, Loews Atlanta Operating, LLC ("Loews") and Defendant ("NSG") are collectively referenced herein as the "Defendants."

### Section I – General Recitals & Representations

**1.1**     Plaintiffs have filed a lawsuit against Defendants alleging claims for alleged violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq*. ("FLSA") in the above captioned matter.

**1.2**     Defendants deny any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by Plaintiffs against Defendants, the parties have elected to voluntarily enter into this Agreement. Plaintiff agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendants.

**1.3**     In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

_____                                          _____
Plaintiff                                             Defendant(s)

## Section II – Release & Payment

**2.1    Mutual Full and General Waiver of All Claims.**  Plaintiffs knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against Defendants, including but not limited to, claims arising out of Plaintiffs' employment or relationship with Defendants (including any termination of employment from Defendants) that they may now have against Defendants regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Defendants or any of Defendants' employees, agents or representatives. Plaintiffs expressly acknowledge and agree that this release and waiver includes, but is not limited to, claims or lawsuits arising under the Fair Labor Standards Act ("FLSA"), as amended, The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), Title VII of the Civil Rights Act of 1964 (as amended), The Florida Civil Rights Act of 1992, the federal Age Discrimination in Employment Act ("ADEA"), the Pregnancy Discrimination Act, 42 U.S.C. § 1981, the Equal Pay Act, the National Labor Relations Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Florida Whistle-Blower Act, the Sarbanes-Oxley Act of 1992, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Immigration and Nationality Act, the Occupational Safety and Health Act ("OSHA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the federal Fair Credit Reporting Act, and any other federal or state statute or local ordinance or any common law cause of action including, without limitation, claims for unpaid minimum and overtime wages, age discrimination, sexual harassment, gender discrimination, retaliation, breach of contract (express or implied), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud, unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, intentional infliction of emotional distress, wrongful or unlawful discharge, defamation, assault, battery, or claims of personal injury. Further, Plaintiff's agree not to reapply to any NSG entity, company, parent or subsidiary. Failure to abide by this provision, shall result in their non-hiring and/or dismissal of their employment without further claims by them. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. The listing of claims above is intended to be illustrative rather than exhaustive. However, this Agreement does not waive any rights or claims that may arise after the date the waiver is executed, or any rights or claims that by law cannot be released by this Agreement, or any rights or claims to enforce this Agreement. However, this Agreement is intended to constitute a full and final settlement, a full and final release, and a full and final bar to any and all claims of any type that Plaintiffs may have against Defendants.

Similarly, Defendants knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against Plaintiff, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants, that Defendants may now have against Plaintiff regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered.  This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Plaintiff's or any of Plaintiff's agents or representatives.  This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses.  However, this Agreement does not waive any rights or claims that may arise after the date the waiver is executed, or any statutory claims or defenses that Defendants may have as a matter of law; or any rights or claims that by law cannot be released by this Agreement; or rights or claims to enforce this Agreement. However, this Agreement is intended to constitute a full and final settlement, a full and final release, and a full and final bar to any and all claims of any type that Defendants may have against Plaintiffs.

_____                                                                       _____
Plaintiff                                                                              Defendant(s)

**2.2    Dismissal of Claims / Court Approval.** The Parties agree to submit this settlement to the Court for approval, and/or a fairness hearing in order to have the case dismissed against all parties with prejudice.

**2.3    Payment of Consideration by Defendants**. In exchange for: (1) Plaintiffs release and waiver of any and all claims (including those for attorneys' fees and costs) against Defendants; and (2) all other promises Plaintiffs have made herein, NSG agrees to pay the collective total gross settlement value of Thirty Three Thousand Five Hundred dollars and zero cents ($33,500.00) which is to be broken down as follows: (a) Plaintiff, Perla Samano shall receive Two Thousand One Hundred dollars and zero cents ($2,100.00);  and (b) Plaintiff, Isela Samano shall receive Twenty One Thousand dollars and zero cents ($21,000.00); and (c) Plaintiff's counsel shall receive Ten Thousand Four Hundred dollars and zero cents ($10,400.00) for attorneys' fees and costs. Plaintiffs shall be responsible for their tax obligations, if any. The settlement value, which resolves all of Plaintiff's claims, including for attorneys' fees, shall be paid as follows:

a.  By March 8, 2018, a total of $16,750.00 broken down as follows: $2,100 to Perla Samano; $10,500 to Isela Samano; and $4,150 to Law Office of Patrick J. Hannon for fees and costs 10 days from February 26, 2018.

b.  By April 7, 2018, at total of $16,750.00 broken down as follows: $10,500 to Isela Samano; and $6,250 to Law Office of Patrick J. Hannon for fees and costs.   30 days from March 8, 2018.

All payments shall be sent **via company check or cashier's check** to Patrick Hannon, Esq., 1100 Peachtree St. N.E. Suite 200, Atlanta, Georgia 30309. However, all payments under this Agreement are contingent upon Court approval and shall remain in trust until such time as the Court dismisses this action with prejudice or until 30 days after the filing of the motion to approve the settlement. If the court has not acted upon the motion to approve settlement by 30 days after filing of the joint motion to approve the settlement, Plaintiff shall be entitled to disburse settlement funds and provide Defendants with signed dismissal with prejudice against Defendants. Payment is also contingent upon proper ID being provided by Plaintiff's counsel of each Plaintiff.

**2.4    Default Remedies.** In the event NSG fails to make any payment when due following the (5) day time period to cure after Notice is given as indicated below, Plaintiffs and their attorney may proceed with taking a Final Judgment against NSG for the balance that is owed per the Parties agreement and they also then have the right to file suit against Loews under the FLSA for the balance then remaining after credit for payments is made. In the event that NSG fails to make payments as required by this agreement, the release does not operate as a defense to a re-filed FLSA action (except to the extent payment has been made).

In addition, Defendants waive any defenses they may have had to such a claim except the defense of offset for payments made and not credited to the balance then alleged outstanding or timely payment within the cure period. This waiver also does not include any defenses for reasons of exceptional, unforeseen, or emergency circumstances that are beyond the control of the Defendants, including Acts of God.

_____                                                                           _____
Plaintiff                                                                                   Defendant(s)

The Defendants shall have a FIVE (5) calendar day cure period, which shall be triggered by notice to the following person via email and phone. Receipt of default notice is to be acknowledged by the below person to ensure its receipt to trigger the (5) day time period to cure.

Ana M. Frexes, Esq.
E-mail: afrexes@frexeslaw.com
2355 Salzedo Street, 204-B
Coral Gables, FL 33134
Tel: (305) 447-1911
Fax:(305) 447-1948

**2.5     Time to Sign Settlement Agreement:** The Parties agree to draft and negotiate the instant Agreement and joint motion to approve settlement by the end of the day February 27, 2018. The parties agree to fully-execute the instant Agreement and file it with the joint motion to approve by February 28, 2018.

**2.6     Consideration is Adequate, Ample and All Inclusive:**  Plaintiffs specifically agree that the sums paid under this Agreement constitute adequate and ample consideration for the rights and claims that he/she is releasing and waiving under this Agreement, and for the other obligations imposed upon her by this Agreement.

### Section III –No Disparagement

**3.1     No Disparagement (mutual).**   The Parties agree not to disparage each other, or their agents and representatives to any person or entity.

### Section IV – General Provisions

**4.1     Encouragement to Consult Attorney and Time to Consider Agreement**. Plaintiffs acknowledge that they were encouraged to consult an attorney before signing this Agreement. Plaintiffs acknowledge that they have consulted an attorney before signing this Agreement. Plaintiffs also acknowledge that they were given a reasonable period of time within which to review and consider this Agreement before signing it, and that they understand each term of the Agreement and the obligations hereunder.

**4.2     Neutral Employment References.**  Defendants, upon request of a potential employer, will simply confirm dates of employment, salary, and position(s) for Plaintiff.

**4.3     Effective Date.**   This Agreement becomes effective and enforceable against the parties upon their execution of the Agreement.

**4.4     Amendment.**   This Agreement may not be amended except by written agreement signed by Defendants and Plaintiff.

_____                                                                                      _____
Plaintiff                                                                                             Defendant(s)

**4.5     Headings.**  The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**4.6     Governing Law, Severability, Interpretation and Construction**.  This Agreement shall be governed and construed in accordance with the laws of the State of Georgia. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

**4.7     Litigation of Disputes.**  In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement.

### Section V – Representations & Warranties

**5.1     Capacity of the Parties.**  Plaintiffs represents and warrant to Defendants that they have the full power, capacity, and authority to enter into this Agreement. Plaintiffs also represent and warrant that no portion of any claim, right, demand, action, or cause of action that Plaintiffs have or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiffs' claims released in this Agreement.

**5.2     Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiffs and Defendants and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**5.3     Recitals Incorporated.**  All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**5.4     Attorney's Fees.**  In any arbitration or litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels.  Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiff.

| s/ PATRICK J. HANNON, ESQ. | s/ ANA M. FREXES, ESQ. |
|---|---|
| PATRICK J. HANNON, ESQ. | ANA M. FREXES, ESQ. |
| (GBN: 074321) | (FBN: 797900 ) |

_____                                                                    _____
Plaintiff                                                                                      Defendant(s)

| E-mail: phannon@hannonlawpc.com | E-Mail: afrexes@frexeslaw.com |
|---|---|
| Law Office of Patrick J. Hannon, PC | ANA M. FREXES & ASSOCIATES, P.A. |
| 1100 Peachtree St. NE, Suite 200 | 2355 Salzedo Street, Suite 204B |
| Atlanta, Georgia 30309 | Coral Gables, Florida 33134 |
| Telephone: (404) 720-2879 | Telephone: (305) 447-1911 |
| Facsimile: (404) 393-9971 | Facsimile: (305) 447-1948 |
| *Counsel for Plaintiff(s)* | *Attorney for Defendant(s)* |

Dated: February 26, 2018

_____                                                                _____
Plaintiff                                                                           Defendant(s)